USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/29/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                    :
MANUEL ALFONSO HERNANDEZ              :
MORALES,                                            :     **OPINION AND ORDER**
                                                    :
                    Petitioner,                     :
                                                    :     07 Civ. 5683 (SAS)
        - against -                                 :
                                                    :     04 CR 290 (SAS)
UNITED STATES OF AMERICA              :
                                                    :
                    Respondent.                     :
------------------------------------------------------X

SHIRA A. SCHEINDLIN, U.S.D.J.:

I. INTRODUCTION

Manuel Alfonso Hernandez Morales, proceeding pro se, moves to vacate, set aside, or correct his sentence pursuant to section 2255 of title 28 of the United States Code ("section 2255"). Morales claims that his "conviction [was] obtained by Plea of Guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea."[1] For the reasons set forth below, Morales' motion is denied.

II. BACKGROUND

In a three-count Indictment filed March 25, 2004, Morales was

---

[1] Morales' Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Under 28 U.S.C. § 2255 ("Habeas Motion") at 5.

1

charged with two counts of distributing and one count of participating in a conspiracy to distribute fifty grams or more of methamphetamine.[2] In November 2003, law enforcement agents learned of a methamphetamine distribution scheme involving Morales.[3] From his home in Arizona, Morales would receive cash payments by mail and subsequently return commensurate quantities of crystal methamphetamine to the payer via overnight mail.[4] On March 1, 2004, DEA agents arranged for one such transaction to take place.[5] Instead of receiving cash by mail, however, Morales agreed to travel to New York City in person to collect the cash payment for one pound of crystal methamphetamine he had sent in advance.[6] On March 10, 2004, DEA agents retrieved a package containing approximately one pound of crystal methamphetamine from the pre-arranged destination point.[7] On March 16, 2004, Morales traveled from Arizona to John F.

---

[2] *See* Government's Memorandum of Law in Opposition to Manuel Alfonso Hernandez Morales' Motion Pursuant to 28 U.S.C. § 2255 ("Gov't Br.") at 1-2.

[3] *See id.* at 2-3.

[4] *See id.*

[5] *See id.*

[6] *See id.* at 4.

[7] *See id.* at 5.

2

Kennedy Airport where he was arrested by DEA agents pursuant to a warrant.[8]

After a psychiatric evaluation, it was determined that Morales, who had a history of mental illness, was not competent to stand trial.[9] Morales was transferred to FCC Butner, a federal medical facility, for treatment. On May 16, 2005, the warden at FCC Butner filed a certificate of restoration of competency to stand trial for Morales pursuant to 18 U.S.C. § 4241(e).[10]

On October 14, 2005, Morales and his attorney, Avraham C. Moskowitz, executed a written plea agreement with the Government (the "Plea Agreement").[11] As part of the Plea Agreement, Morales agreed that he would "not file a direct appeal, nor litigate under Title 28, United States Code, Section 2255 . . . . any sentence within or below the Stipulated Guidelines Range of 135 to 168 months . . . ."[12] On October 14, 2005, Morales appeared before this Court and entered a guilty plea to the Indictment. Given Morales' mental health history, I asked him the following questions:

> THE COURT: Do you understand Mr. Moskowitz when he speaks to

---

[8] *See id.* at 6.

[9] *See id.*

[10] *See id.* at 7.

[11] *See id.*

[12] Plea Agreement at 4.

3

you?

MORALES: Yes.

THE COURT: You can ask him questions when he speaks to you?

MORALES: Um-hum.

THE COURT: And you understand those answers?

MORALES: Yes.

THE COURT: Are you now or have you recently been under the care of any doctor or psychiatrist?

MORALES: Yes.

THE COURT: Can you explain that to me?

MORALES: I have been taking medication for my anxieties and my past history of my drug addiction. So they got me on medication right now.

THE COURT: Have you been seeing any doctors?

MORALES: I haven't seen him in about three weeks but yeah, I see doctors.

THE COURT: When you see doctors, are they psychiatrists?

MORALES: Yes.

THE COURT: Have they counseled you and given you medication?

MORALES: Yes.

THE COURT: Have you ever been treated or hospitalized for any drug or alcohol addiction?

MORALES: Yes.

THE COURT: Right. How long ago was that?

MORALES: I have been going on and off for many years. This last time was probably six, seven, eight years ago.

THE COURT: Since you have been in custody, have you been getting treatment?

MORALES: Treatment? No. No, not yet.

THE COURT: Not yet for the treatment, you haven't been getting any treatment?

MORALES: No.

THE COURT: All right. In the past twenty-four hours, have you taken any drugs, any medicine, any pills or drunk any alcohol?

MORALES: Just the medication they have me on right now.

THE COURT: Do you know what it is?

MORALES: I am sorry, I don't

THE COURT: You don't know the names, ok.

MORALES: I don't know the names.

THE COURT: Does it affect your perception of these proceedings? Do you know what is going on here?

MORALES: No. I know what's going on.

THE COURT: You do, ok. Is your mind clear today?

MORALES: Yes.

5

THE COURT: Are you feeling well today?

MORALES: Yes.

THE COURT: Mr. Moskowitz just told me that you wish to enter a guilty plea. Is that your desire?

MORALES: Yes.

THE COURT: Mr. Moskowitz, have you discussed this matter thoroughly with your client?

MR. MOSKOWITZ: Many times, your Honor.

THE COURT: Have you been able to communicate with your client?

MR. MOSKOWITZ: We are able to communicate, your Honor. As your Honor knows, there are times where it is difficult for Mr. Hernandez-Morales to understand some of the intricacies of the law, but we go over it until we can get to a level of understanding, and we appreciate the court's patience on that.

THE COURT: In your view, does he understand the rights he will be waiving by pleading guilty?

MR. MOSKOWITZ: Yes, your Honor.

THE COURT: In your view, is he capable of understanding the nature of these proceedings here today?

MR. MOSKOWITZ: Yes, your Honor.

THE COURT: Do you have any doubt at this time as to the defendant's competence to enter a plea of guilty?

MR. MOSKOWITZ: No, your Honor.

6

THE COURT: Have you advised him of the minimum and maximum sentences that could be imposed here?

MR. MOSKOWITZ: I have explained to him the statutory minimums and maximums. I have explained to him the guidelines in the new guideline world post-*Booker*, and we have had lengthy discussions about the safety-valve, all of which I am sure your honor will cover. But yes, we discussed all of them.

THE COURT: Good, ok. Mr. Hernandez-Morales, have you had the opportunity to discuss your case with Mr. Moskowitz fully and to discuss with him the consequences of pleading guilty?

MORALES: We gone over it. It's kind of hard for me to understand because I don't know anything about laws or anything, but I do understand that I am guilty for these charges.

THE COURT: But you feel that you have had an opportunity to discuss all this with Mr. Moskowitz?

MORALES: Yes.

THE COURT: Good, ok. Are you satisfied with Mr. Moskowitz's representation of you?

MORALES: Yes.[13]

Based on Morales' answers to my questions, my observations of his demeanor in Court, and the responses of his attorney, I found that Morales was fully competent to enter an informed guilty plea.[14] I proceeded to further inquire

---

[13] 10/14/05 Transcript of Morales' guilty plea allocution ("Plea Tr.") at 4-8.

[14] *See id.* at 8.

7

whether Morales understood the rights he was waiving by signing the Plea Agreement. I specifically addressed: (1) his right to plead not guilty; (2) the presumption of innocence at trial; (3) the beyond a reasonable doubt burden of proof borne by the Government; (4) his right to a jury trial; (5) his right to be represented by an attorney; (6) his right to cross-examine witnesses and challenge evidence at trial; and (7) his right not to testify at trial.[15] Morales expressed his understanding that these rights would be waived as a consequence of pleading guilty and agreed to waive these rights.[16] I reviewed the sentencing calculations under the United States Sentencing Guidelines ("Guidelines") with Morales, including the effects of the safety-valve provision and of his acceptance of responsibility.[17] I explained the waiver of appeal provision in the Plea Agreement.[18] I asked him whether his plea was motivated by promises other than those in the plea agreement, to which he responded in the negative.[19] After confirming that there existed a sufficient factual predicate for a guilty plea, I

---

[15] *See id.* at 8-10.

[16] *See id.* at 10-11.

[17] *See id.* at 14-15.

[18] *See id.* at 19.

[19] *See id.* at 20.

8

accepted Morales' plea and found him guilty of the offenses charged in the Indictment.[20] Following Morales' plea allocution, a dispute apparently arose between him and Mr. Moskowitz, who asked to be relieved as his counsel. I appointed a new lawyer to represent Morales.[21]

On April 28, 2006, I sentenced Morales to 135 months in custody, the lowest point of the Guidelines range.[22] Morales timely filed a notice of appeal on May 1, 2006, and his lawyer subsequently filed an *Anders* brief certifying that there were no non-frivolous arguments for purposes of appeal.[23] On May 4, 2007, the Second Circuit summarily affirmed Morales' conviction.[24]

## III. LEGAL STANDARDS

### A. Section 2255

Section 2255 allows a convicted person held in federal custody to petition the sentencing court to vacate, set aside or correct a sentence. A motion filed under section 2255 must allege that: (1) the sentence violated the

---

[20] *See id.* at 27

[21] *See* Gov't Br. at 9.

[22] *See id.*

[23] *See id.*

[24] *See id.* at 9-10.

9

Constitution or laws of the United States; (2) the sentencing court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.[25] "[T]he Supreme Court has long held that in cases not involving a constitutional violation or lack of jurisdiction . . . Section 2255 relief is available only when the claimed error constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice' and presents 'exceptional circumstances when the need for the remedy afforded by the writ of habeas corpus is apparent.'"[26] Accordingly, "one of the principal functions of habeas corpus [is] to assure that no [person] has been incarcerated under a procedure which creates an impermissibly large risk that the innocent will be convicted."[27]

## B. Procedural Default

A claim that could have been, but was not, raised on direct appeal is procedurally defaulted and therefore barred from habeas review absent: (1) a showing of cause for the default and prejudice from the errors alleged, or (2)

---

[25] *See* 28 U.S.C. § 2255.

[26] *Nnebe v. United States*, 534 F.3d 87, 90 (2d Cir. 2008) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). *Accord Davis v. United States*, 417 U.S. 333, 346-47 (1974).

[27] *Bousley v. United States*, 523 U.S. 614, 620 (1998) (quotation marks and citations omitted).

10

actual innocence.[28] "[E]ven the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review. Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal."[29] In recognition of this principle, the Supreme Court has remarked that the "finality [of criminal judgments] served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas."[30]

### C. Competence to Plead

Before accepting a plea of guilty, the Federal Rules of Criminal Procedure require that a district court: (1) determine that the defendant understands the nature of the charge(s) to which he is pleading; and (2) make an inquiry to ensure that a factual basis exists for the plea.[31] Under the first requirement, a court must determine that the defendant actually understands the nature of the charges.[32] Under the second requirement, a court must place facts on the record after inquiring from the defendant, his attorney, the Government, and

---

[28] *See Underwood v. United States*, 166 F.3d 84, 87 (2d Cir. 1999); *Rosario v. United States*, 164 F.3d 729, 732 (2d Cir. 1998).

[29] *Bousley*, 523 U.S. at 621 (quotation marks and citations omitted).

[30] *United States v. Timmreck*, 441 U.S. 780, 784 (1979).

[31] Fed. R. Crim. P. 11 (c) (1).

[32] *See United States v. Andrades*, 169 F.3d 131, 134-35 (2d Cir. 1999).

11

other available sources of information.[33] "[W]hile Rule 11 imposes strict requirements on what information the district courts must convey and determine before they accept a plea, it does not . . . tell them precisely how to perform this important task in the great variety of cases."[34] "What is essential . . . is that the court determine by some means that the defendant actually understands the nature of the charges."[35] In so doing, "matters of reality, and not mere ritual, should be controlling."[36] Further, "[w]here a defendant is represented by competent counsel, the court usually may rely on that counsel's assurance that the defendant has been properly informed of the nature and elements of the charge to which he is pleading guilty."[37]

## D. Ineffective Assistance of Counsel

A petitioner seeking to attack his sentence based on ineffective assistance of counsel must: (1) show that counsel's performance fell below "an objective standard of reasonableness" under "prevailing professional norms," and

---

[33] *See id.*

[34] *United States v. Maher*, 108 F.3d 1513, 1520-21 (2d Cir. 1997).

[35] *Id.*

[36] *McCarthy v. United States*, 394 U.S. 459, 465 (1969).

[37] *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005).

12

(2) "affirmatively prove prejudice," namely, demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[38]

In analyzing a claim that counsel's performance fell short of constitutional standards, "it is not sufficient for the habeas petitioner to show merely that counsel omitted a nonfrivolous argument."[39] Instead, the court "must 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'"[40] Strategic choices made after thorough investigation of the relevant law and facts are virtually unchallengeable, while strategic choices made after less than complete investigation are reasonable to the extent that professional judgment supports the limitations on investigation.[41] "In assessing the attorney's performance, a reviewing court must judge his conduct on the basis of the facts of the particular case, 'viewed as of the time of counsel's conduct,' and may not use hindsight to second-guess his strategy choices."[42] A

---

[38] *Strickland v. Washington*, 466 U.S. 668, 688 (1984).

[39] *Aparicio v. Artuz*, 269 F.3d 78, 95 (2d Cir. 2001).

[40] *Id.* (quoting *Strickland*, 466 U.S. at 689).

[41] *See Strickland*, 466 U.S. at 690-91.

[42] *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994) (quoting *Strickland*, 466 U.S. at 690). *Accord Bell v. Cone*, 535 U.S. 685, 698 (2002)

13

habeas petitioner cannot prevail on a claim of ineffective assistance merely because he disagrees with his counsel's strategy.[43] Conversely, a petitioner "may establish constitutionally inadequate performance if he shows that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker."[44] However, "[t]he failure to include a meritless argument does not fall outside the wide range of professionally competent assistance to which [a][p]etitioner [i]s entitled."[45]

---

(noting that to demonstrate ineffective assistance of counsel at trial, "a defendant must overcome the 'presumption that, under the circumstances, the challenged action might be considered sound trial strategy'") (quoting *Strickland,* 466 U.S. at 689).

[43] *See Jones v. Barnes,* 463 U.S. 745, 751-52 (1983) (explaining that an indigent appellant does not have a constitutional right to compel appointed counsel to press every nonfrivolous point on appeal, thus recognizing "the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review"); *Mayo,* 13 F.3d at 533 ("[I]t is not sufficient for the habeas petitioner to show merely that counsel omitted a nonfrivolous argument, for counsel does not have a duty to advance every nonfrivolous argument that could be made.").

[44] *Clark v. Stinson,* 214 F.3d 315, 322 (2d Cir. 2000).

[45] *Aparicio,* 269 F.3d at 99 (quotation marks and citations omitted).

## IV. DISCUSSION

### A. Morales' Claim Is Procedurally Barred

Morales claims that his conviction was "obtained by Plea of Guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea."[46] Specifically, Morales argues that he "was under the influence of heavy medication, [he] was not of sound mind, and [his] attorney misadvised [him] and did not explain or let [him] read the plea agreement before signing."[47] Further, Morales claims that his lawyer "neglected to tell [him] that [he] was being convicted at level 38 of the guidelines."[48] Beyond these conclusory statements, Morales offers no evidence in support of his arguments.

Morales could have raised these claims on direct appeal but failed to do so, nor did he at any time attempt to withdraw his plea. He has presented no evidence showing cause for the default, prejudice from the alleged errors, or actual innocence. It is well established that a motion brought pursuant to 28 U.S.C.§

---

[46] Habeas Motion at 5.

[47] *Id.*

[48] *Id.*

15

2255 "is not a substitute for an appeal."[49] This Court is therefore precluded from considering the merits of Morales' habeas motion.

## B. Morales Was Sufficiently Competent to Plead Guilty

Even if Morales' claims were not procedurally barred, the result would remain unchanged. Morales' plea allocution belies his contention that he was not competent at the time he pleaded guilty. Aware of Morales' psychological condition, I made specific enquiries concerning his ability to enter a knowing and voluntary plea. With regard to his claim of being under the influence of heavy medication and not of sound mind, I specifically asked Morales whether the medication he was taking affected his perception of the proceedings, to which he unambiguously answered "no," adding that he "kn[e]w what [was] going on" in the courtroom.[50] I also asked Morales if his mind was clear, to which he unambiguously answered "yes," and whether he was "feeling well," to which he replied "yes."[51]

The Second Circuit has established that "if there is any indication . . . that defendant is under the influence of any medication, drug or intoxicant, it is

---

[49] *United States v. Munoz*, 143 F.3d 632, 637 (2d Cir. 1998).

[50] Plea Tr. at 6.

[51] *Id.*

16

incumbent upon the district court to explore on the record defendant's ability to understand the nature and consequences of his decision to plead guilty."[52] This serves to "ensure both that defendant understands the constitutional rights that he is relinquishing by pleading guilty and that the plea is truly voluntary."[53] Based on Morales' answers to my questions, my observations of his demeanor in Court, and the responses of his attorney, there was a sufficient basis to find that Morales sufficiently understood the nature of the charges against him and that he was competent to enter a knowing and voluntary plea.

### C. Morales' Ineffective Assistance of Counsel Claim Is Without Merit

Again, Morales' Plea Allocution belies his contention that his counsel was ineffective at the time he pleaded guilty. Before accepting Morales' plea, I questioned his attorney about the steps he took to explain the proceeding to Morales and his views regarding Morales' ability to understand the consequences of his plea.[54] Morales' attorney unambiguously stated that Morales understood the consequences of his plea and that he had no doubts concerning Morales'

---

[52] *United States v. Rossillo*, 853 F.2d 1062, 1066 (2d Cir. 1988).

[53] *Id.*

[54] *See* Plea Tr. at 6-7.

17

competence to enter a knowing and voluntary plea.[55] The record shows no sign of any objection on Morales' part to his lawyer's comments.[56] I also questioned Morales directly regarding the discussions he had with his lawyer.[57] In his answers to my questions, Morales expressed satisfaction with his lawyer's representation and his belief that he was guilty of the offenses charged.[58]

      I find that Morales' counsel was effective in making reasonable strategic choices after sufficient investigation of the law and relevant facts. Absent evidence to the contrary, it must be presumed that Morales' counsel's conduct fell within the wide range of reasonable professional assistance to which Morales was entitled. Having offered no evidence at all, Morales has failed to demonstrate that his counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. Morales' ineffective assistance of counsel claim must therefore be denied.

---

[55] *See id.*

[56] *See id.*

[57] *See id.* at 7-8.

[58] *See id.*

## V. CONCLUSION

For the foregoing reasons, Morales' motion pursuant to section 2255 is denied. The remaining issue is whether to grant a certificate of appealability ("COA"). For a COA to issue, a petitioner must make a "substantial showing of the denial of a constitutional right."[59] A "substantial showing" does not require a petitioner to demonstrate that he would prevail on the merits; a petitioner must merely show that reasonable jurists could differ as to whether "the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"[60] Morales has made no such showing. Accordingly, I decline to grant a certificate of appealability. The Clerk of the Court is directed to close this motion and this case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
October 29, 2008

---

[59] 28 U.S.C. § 2253(c)(2).

[60] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). *Accord Middleton v. Attorneys Gen.*, 396 F.3d 207, 209 (2d Cir. 2005) (denying COA where reasonable jurists could not debate whether the district court's dismissal of the petition was correct).

19

## - Appearances -

**Petitioner (Pro Se):**

Manuel Alfonso Hernandez Morales
No. 52139-054
FCI – Lompoc
3600 Guard Road
Lompoc, California 93436

**For Respondent:**

Steven D. Feldman
Assistant United States Attorney
One Saint Andrew's Plaza
New York, New York 10007
(212) 637-2484